AYRES v. STUCKEY.

4-8386                          208 S. W. 2d 166

Opinion delivered February 9, 1948.

*Bruce Ivy* and *Myron T. Nailling,* for appellant.

*J. G. Waskom,* for appellee.

Robins, J.  This is a dispute between owners of adjoining land as to the right to use a certain road. Appellant purchased section 34 in township 13, north, range 8, east, in 1931. Appellees, J. G. Stuckey and Fred Stuckey, bought section 35 in the same township and range in 1935. Thus the west line of section 35, which is the east line of section 34, is the dividing line between the land of these parties.  Highway No. 40 runs along the south line of these sections, and the road in controversy extends directly north from this highway, entering it at about where the highway is intersected by the line between the said two sections, and its northern terminus being the south bank of Little River, where at one time there had been a ford.

Appellant placed a barrier across this road and appellees instituted the instant suit to enjoin this interference with their use of the road, alleging that they, along with the public, had used same for more than seven years, in such manner as to give them a prescriptive right thereto; and appellees also alleged that if the road was not on the line between section 34 and section 35 it was on the land of appellees, J. G. Stuckey and Fred Stuckey.

The lower court made no finding as to whether the road was situated on said appellees' land, but held that the appellees had acquired a prescriptive right to travel it as a private road, and enjoined appellant from interfering with such use.  From the decree is this appeal.

There was testimony by several witnesses to the effect that tenants of appellees, J. G. Stuckey and Fred Stuckey, and the public generally had been using this road for considerably more than seven years before the dispute arose.  During this time some maintenance work, such as filling up holes in the road, had been done by said appellees' tenants.

While there was no testimony that the claim, on the part of appellees, of right to use the road was ever brought directly to the knowledge of appellant until shortly before the suit was filed, the evidence was sufficient to authorize a finding that the character of the use was such as to impart to appellant notice of the asserted right.

The evidence introduced by appellant indicated a permissive use, but we cannot say that the finding of the lower court, that the use was adverse and under claim of right for more than seven years, was against the weight of the evidence taken as a whole. *Clay*. v. *Penzel*, 79 Ark. 5, 94 S. W. 705; *Scott* v. *Dishough*, 83 Ark. 369, 103 S. W. 1153; *McGill* v. *Miller*, 172 Ark. 390, 288 S. W. 932.

We have consistently held that the finding of the chancery court on a fact question will not be set aside by us unless such finding is against the preponderance of the evidence. The decree of the lower court must therefore be affirmed.