DUNCAN *v.* MANES.

5-2739 · · 360 S. W. 2d 128

Opinion delivered September 17, 1962.

*George D. Hester,* for appellant.

*Marion S. Gill,* for appellee.

SAM ROBINSON, Associate Justice. The issue is whether the traveling public has acquired by prescription, an easement over a strip of land about one fourth mile long used by the public as a road. The one fourth mile road in question runs over land belonging to appellants, Rosie Duncan and Oscar Edwards.

Appellees, Kizzie Manes and Mack Grover Robinson, filed this action alleging that the public had used the strip of ground in question as a road for over 60 years; that plaintiffs "have used said road openly, continuously, adversely, notoriously, and under a claim of right for more than seven years". It is further alleged that defendants plowed up the ground, and plaintiffs asked that an injunction be issued enjoining defendants from obstructing the road.

Upon a trial on the merits, the Court granted the injunction and the owners of the fee have appealed.

The preponderance of the evidence sustains the Chancellor's finding that the public had established an easement over the strip of ground by prescription. It is shown that the road has been used by the public for 50 years. At one time there were fences on each side of the road, but they were removed many years ago and the adjoining land has been in cultivation for about 30 years. The first time any owner of the fee objected to anyone using the road was in October, 1961.

It is necessary for appellees to use the road to get to their property. At certain times of the year they can reach their land by no other road. It was shown that appellee Robinson, and other members of the travelling public, have worked and maintained the road for many years. They built culverts, filled holes, opened ditches, and placed some gravel on the road. In fact, it appears that they did some work on the road along with Edwards, one of the appellants.

In *Bullioun* v. *Constantine,* 186 Ark. 625, 54 S. W. 2d 986, it was pointed out that an easement may be established by prescription, but where it is across uninclosed property it will be deemed to be by permission of the owner and not adverse to his title. The Court also pointed out that ''those using a private way over uninclosed lands may, by their conduct, openly and notoriously pursued, apprise the owner that they are claiming the way as of right, and thus make their possession adverse.''

The evidence shows that the appellees did use the road in such manner as to give notice to the owners that they were claiming the way as a matter of right. As heretofore mentioned, in addition to the public use of the road for about 50 years, the appellees worked the road, hauled dirt and gravel, provided drainage, filled holes, and installed culverts for a period of more than seven years.

The nature of the use of the road was sufficient to give appellants notice of the asserted right and to establish the easement by adverse possession. *Ayres* v. *Stuckey,* 212 Ark. 847, 208 S. W. 2d 166.

Affirmed.